**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM R. PATTON, | ) | CASE NO.1:06CR0350 |
| | ) | 1:16CV1625 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion Pursuant to 28 U.S.C. §2255 (ECF #26). Respondent filed a Response in Opposition to Motion to Vacate (ECF #30). Petitioner filed a Reply in Opposition to Government's Response. (ECF #32). For the following reasons, the Court denies Petitioner's Petition.

## **FACTS**

Petitioner pleaded guilty to four counts of Armed Bank Robbery on March 28, 2007, pursuant to a written Plea Agreement. In his Plea Agreement, Petitioner agreed that his base Guideline level was 20 pursuant to United States Sentencing Guidelines

1

Section 2B3.1(a); that his Guideline score was increased two levels because the funds were taken from a financial institution; that his Guideline score was also increased by three levels because a pellet gun that closely resembled a handgun was a dangerous weapon that was brandished or possessed in the commission of the robberies. Four more levels were added due to a multiple count adjustment. Petitioner further agreed that his combined Adjusted Offense level should be increased from a level 29 to a level 34 because the defendant was a Career Offender pursuant to previous convictions for Aggravated Robbery in 1989 and Gross Sexual Imposition in 2001. Petitioner was sentenced on March 28, 2016, to 168 months incarceration, which was at the low end of the range agreed to by the United States and Petitioner in the Plea Agreement. On June 27, 2016, Petitioner filed the instant Motion to Vacate asserting that his crimes are no longer crimes of violence following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent asserts that Petitioner's Petition is time barred because he does not present any new right recognized by the Supreme Court which would trigger the new one-year period to file a Motion to Vacate.

## **STANDARD OF REVIEW**

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for

2

relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

The Court agrees that Petitioner's Petition is untimely. A one-year statute of limitations applies to Section 2255 motions. Title 28 U.S.C. Section 2255(f). The limitations period runs from the latest of:

>  (1) the date on which the judgment of conviction becomes final;
> 
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*(Id.*)

The Court sentenced Petitioner on March 28, 2007. Petitioner did not take a direct appeal of his conviction. Petitioner's claims should have been raised before April 24, 2008. The Court agrees with Respondent that Petitioner cannot assert any newly discovered right recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

Respondent correctly concludes that the Supreme Court's decision in *Johnson*

3

does not entitle Petitioner to post-conviction relief from his Sentencing Guidelines-based Career Offender sentence under 28 U.S.C. § 2255. *Johnson* does not apply to Guidelines-based sentences in Section 2255 or other collateral attack actions because, as to the Guidelines, *Johnson* is a non-watershed new procedural rule that does not apply retroactively under *Teague v. Lane*, 489 U.S. 288 (1989).

The Court agrees that *Johnson* does not apply retroactively on collateral attack in Sentencing Guidelines cases because it creates procedural rather than substantive changes in the sentencing process. The procedural posture of Petitioner's § 2255 claim is substantially different than a defendant on direct appeal. Under *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion) and its progeny, new rules of criminal procedure do not apply retroactively to cases that became final before the issuance of the decision announcing the rule.

The Supreme Court decision in *Welch v. United States*, No. 15-6418, 578 U.S. ___ (2016), addressed whether *Johnson* applies retroactively as a substantive rule in Armed Career Criminal Act ("ACCA") cases. The *Welch* opinion did not consider whether *Johnson* applies to sentences based upon the Sentencing Guidelines. All Guidelines sentences must be within the statutory maximum sentence. As to Guidelines-based sentences, therefore, *Johnson* does not alter the permissible statutory range of sentencing outcomes. In the context of the Sentencing Guidelines, as opposed to the ACCA, *Johnson* does not act substantively.

On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that the advisory Guidelines' residual clause

4

remains valid after *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the advisory Guidelines, unlike the Armed Career Criminal Act, "do not fix the permissible range of sentences," and thus "are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892.

Therefore, the Court finds that Petitioner's Guidelines calculation and sentence are proper and are not affected by *Johnson.* Thus, Petitioner's Petition is untimely. Petitioner fails to show a denial of any constitutional right.

Therefore, for the foregoing reasons Petitioner's Motion to Vacate is untimely and denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

5

Petitioner has failed to make a substantial showing that he was denied any constitutional right. Therefore, the Court will not issue a certificate of appealability.

IT IS SO ORDERED.

June 12, 2017            s/Christopher A. Boyko
Date                    CHRISTOPHER A. BOYKO
                         United States District Judge